**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RAFAEL RODRIGUEZ                                                                    PLAINTIFF

v.                                        1:12-cv-00109-KGB-JTK

LT. FERGUSON, et al.                                                              DEFENDANTS

## <u>ORDER</u>

Plaintiff Rodriguez is an inmate who filed a Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> in order to commence a <u>pro se</u> civil rights action under 42 U.S.C. § 1983 without prepayment of the $350.00 filing fees and costs (Doc. No. 4).   However, his Motion will be denied because Plaintiff has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action <u>in</u> <u>forma</u> <u>pauperis</u> still must pay the full amount of the $350 filing fee.** <u>See</u> 28 U.S.C. § 1915(b)(1).   Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a calculation sheet prepared and signed by an authorized official of the incarcerating facility.   This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately**

1

**preceding the filing of the complaint.   See 28 U.S.C. § 1915(a)(2).   However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because she "has no assets and no means by which to pay the initial partial filing fee."   28 U.S.C. § 1915(b)(4).**

Plaintiff indicates in his Motion (Response) (Doc. No. 4) that he submitted the calculation fee sheet to Jail officials for their processing.  As of this time, however, the Court has not received this necessary information.  **The Court will send a copy of this Order to the Independence County Detention Facility, informing them of their obligation to assist Plaintiff by completing the filing fee information necessary for his in forma pauperis submission.**   Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 4) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall submit either the $350 statutory filing fee or a completed in forma pauperis application, with the required calculation sheet **signed by an authorized official of the prison**, within fifteen (15) days of the entry date of this Order.[1]

The Clerk is directed to send to Plaintiff an in forma pauperis application and calculation sheet.

The Clerk is directed to send a copy of this Order to the Independence County Detention Facility, attention: Inmate Accounts, 569 West Main Street, Batesville, AR 72501.

---

[1] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IT IS SO ORDERED this 4th day of December, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE